**Fauzan ABRAR, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–2410–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

Fauzan Abrar, pro se, Iselin, New Jersey, for Petitioner.

Holly M. Smith, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania (Albert W. Shoallaert, Assistant United States Attorney, on the brief), for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. MARK R.

KRAVITZ, District Judge.*

### SUMMARY ORDER

Fauzan Abrar, a citizen of Indonesia, petitions for review of the April 19, 2005 order of the BIA affirming the December 23, 2003 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying his application for withholding of removal under the Immigration and Nationality Act ("INA"). *In re Fauzan Abrar,* No. A 96 427 357 (B.I.A. Apr. 19, 2005), *aff'g In re Fauzan Abrar,* No. A 96 427 357 (Immig. Ct. N.Y. City Dec. 23, 2003). Abrar does not challenge the IJ's denial of asylum and his Convention Against Torture ("CAT") claim; the Court therefore deems them waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *see Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005), under the substantial evidence standard, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ held that Abrar failed to show that he suffered from past persecution or that he had been harassed, discriminated against or persecuted by any group that the government is unable or unwilling to control. Additionally, the IJ held, Abrar failed to show that it was more likely than not that he would be subject to persecution if he returned to Indonesia. On appeal, Abrar argues that he established both past persecution and the potential for future persecution by demonstrating the nexus between his family's Christian affiliations and the 1998 attack on him and his family. He maintains that the 1998 incident "exacerbated a volatile situation of potential escalating violence." We need not consider Abrar's argument that the 1998 incident was sufficiently severe to rise to the level of persecution, however, because we agree with the IJ and BIA that, even assuming the 1998 incident occurred, Abrar did not proffer evidence to show that any injuries or harassment he sustained were inflicted either by the government or by persons or an organization that the government is unable or unwilling to control. *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (B.I.A. 1985); *see also Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006). This is particularly so because Abrar never reported the incident to the police.

Moreover, with respect to the threat of future persecution, substantial evidence supports the IJ's and BIA's conclusion that Abrar would not be persecuted if he returned to Indonesia. Abrar testified that his family is currently living in Indonesia without incident or harassment, and that his uncle had returned to Indonesia on three occasions after 1998 and did not experience any persecution, in spite of the fact that he is married to a Christian woman. The IJ permissibly determined that Abrar's family's current experience in Indonesia countervailed his claimed fear of future persecution.

For the foregoing reasons, the petition for review is DENIED.

---

* The Honorable Mark R. Kravitz of the United States District Court for the District of Connecticut, sitting by designation.